1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Jul 24, 2020**

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JEREMIAH R. LOGAN,

                Petitioner,

   v.

RON HAYNES,

                Respondent.

NO. 2:20-CV-00090-SAB

**ORDER DISMISSING**

**PETITION AS TIME-BARRED**

BEFORE THE COURT is Petitioner's timely Response, ECF No. 4, to the Order to Show Cause why this Petition should not be dismissed as time barred, ECF No. 3. Petitioner Jeremiah R. Logan, a prisoner at the Stafford Creek Corrections Center, is proceeding *pro se*; Respondent has not been served. In his Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, Petitioner challenges his 2014 Spokane County jury conviction for first degree rape and second degree molestation. ECF No. 1 at 1-2. Petitioner claims that he was denied the effective assistance of both trial and appellate counsel. *Id*. at 5, 7-8, 10. The $5.00 filing fee was paid and the petition was filed on March 5, 2020. ECF No. 1.

**ORDER DISMISSING PETITION AS TIME-BARRED -- 1**

## FEDERAL LIMITATIONS PERIOD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner must seek federal habeas relief within one year after direct appellate review concludes or the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The period of "direct review" includes the ninety-day period during which an inmate may file a writ of certiorari with the United States Supreme Court, whether the inmate actually files such a petition. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007).

Here, Petitioner indicates that his conviction and sentence were affirmed on appeal, the Washington State Supreme Court denied review on September 28, 2016, and he did not seek *certiorari* in the U.S. Supreme Court. ECF No. 1 at 2-3. Therefore, the statute of limitations began to run on December 27, 2016, 90 days after the Washington State Supreme Court denied review.

The onset of the period of limitations may be delayed if (1) the state unconstitutionally prevented a petitioner from filing on time; (2) the U.S. Supreme Court announces a new rule of law that applies retroactively to petitioners; or (3) the factual basis for a petitioner's claim could not have been known to him through "due diligence." *See* 28 U.S.C. § 2244(d)(1)(B)-(D). In response to the Order to Show Cause, Petitioner presents no facts demonstrating any grounds to delay the running of the limitations period. Therefore, under the "anniversary method" of Federal Rule of Civil Procedure 6(a), the deadline for filing the federal habeas petition was December 27, 2017. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

The one-year statute of limitations is tolled for the period "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner states that he filed a petition for writ of habeas corpus in the Spokane County Superior Court on May 1, 2017, which was dismissed as a Personal

**ORDER DISMISSING PETITION AS TIME-BARRED --** 2

Restraint Petition (PRP) by the Washington State Court of Appeals, Division III, on May 22, 2018, and denied by the Washington State Supreme Court on March 6, 2019. ECF No. 1 at 3, 6, 8-9, 11. Consequently, 125 days of the federal limitations period had already expired when Petitioner filed his request for state collateral review. Therefore, only 240 days were left to file the federal habeas petition after the Washington State Supreme Court denied review on March 6, 2019, or until November 1, 2019. Thus, the federal habeas petition received on March 5, 2020, is untimely under 28 U.S.C. § 2244(d), unless Petitioner is able to demonstrate an equitable basis to toll the federal limitations period.

In response to the Order to Show Cause, Petitioner asserts that he filed a petition for writ of habeas corpus in the Spokane County Superior Court, which was transferred to the Washington State Court of Appeals and changed into a PRP without stating reasons or requesting argument. ECF No. 4 at 2-3. Petitioner questions whether the state habeas corpus petition would reset the one-year statute of limitations. *Id*. at 4. Petitioner's argument is precluded by Ninth Circuit precedent. Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period. *See Banjo v. Ayers*, 614 F.3d 964, 968–69 (9th Cir. 2010) (discussing tolling due to collateral review proceedings).

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Petitioner asserts that he has been diligently pursuing his rights to the best of his abilities and asks this Court to allow him to proceed with his habeas corpus petition despite his "ignorance of the law." ECF No. 4 at 5. Petitioner notes that "it is not easy for us to do this alone with little education and[/]or experience." *Id*. However, Petitioner must show that some "external force" caused his untimeliness, rather than mere "oversight,

**ORDER DISMISSING PETITION AS TIME-BARRED -- 3**

miscalculation[,] or negligence." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted). In other words, Petitioner must have been delayed by circumstances "beyond [his] direct control," and not by his or his counsel's "own mistake." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008); *see e.g. Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); *see e.g. Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing."). Petitioner has offered no basis to equitably toll the federal limitations period in this action.

Therefore, for the reasons set forth in the Order to Show Cause, ECF No. 3, and taking into account Petitioner's Response to the Order to Show Cause, ECF No. 4, **IT IS ORDERED** that the Petition is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The District Court Executive shall enter this Order, enter judgment in favor of Respondent and against Petitioner, forward copies to Petitioner, and **CLOSE** the file. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 24th day of July 2020.



Stanley A. Bastian
United States District Judge

**ORDER DISMISSING PETITION AS TIME-BARRED --** 4